Peck, J.
delivered the opinion of the Court.
This was an action of debt, brought in the County Court of Montgomery, upon a specialty, due the 1st of January, 1821, for the sum of $ 1,250.
Declaration in common form. Plea craving oyer of two receipts, purporting to have been indorsed on the back of the obligation, one for the sum of $ 625, 30th of January, 1821, the other for $ 50, 15th February, 1821. The plea then concludes, “ that the balance was paid after the said note became due,” to wit, on the 20th February, 1821, to which was added a brief entry, “ replication and issue.”
The cause was tried at July term, 1821, when the jury returned a verdict that the defendant has not paid the debt in the declaration mentioned, but does owe the plaintiff the sum of $ 1,209.37^-, the balance of the debt, and damages $ 30.
The cause was taken by writ of error to the Circuit Court, where the judgment was affirmed, and writ of error to this Court.
It is not necessary in this case to inquire whether or not oyer could legally be had of receipts indorsed upon the bond.
*155 Here the whole plea, taken together, amounts to an informal plea of payment; for though in the first part of his plea he sets out his evidence without any averment upon it, yet in the conclusion he says he paid the balance of the debt after the day the note became due.
The replication here filed must be taken after the trial to meet the plea, and puts in issue the payment of the debt, no matter at what time the payment is alleged to be made, or on what evidence he relies to prove it.
This issue has been tried, and the jury have been particular to find, first, that the defendant has not paid the debt in the declaration mentioned, but that he owes so much; so that it is clear, from the finding on this issue, that the right of this case has been attained, and that, however informal the issue, the defect has been cured by the verdict. 1 Bacon’s Ab. Tit. Amendment, and jeofail, 163, 164.
If it be said the plea was no answer to the declaration, except as to the payment of the balance after the day the bond became due, then the plaintiff was entitled to judgment for so much as was unanswered, so that the result would be the same.
It may not be amiss here to remark that when issue has been taken on brief pleas or replications, and the parties have been heard before the Court and jury, and do not complain in error of anything but the result flowing from the negligence of making their issues in form, this Court will feel very reluctant to disturb what has been done. Here is no complaint about admission of testimony or the charge of the Court, and we cannot say, where so much may be presumed to have been left to the jury, that they have done wrong.
This case, we are all of opinion, is completely covered by the Act of 1809, ch. 125, § 10; by this Act we are not to reverse, but for that which affects the merits.
Judgment affirmed.